NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017
Decided November 8, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1405

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 16-CR-30072-NJR-01 |
| BRIAN L. REDDEN, *Defendant-Appellant.* | Nancy J. Rosenstengel, *Judge.* |

**O R D E R**

Brian Redden fled at high speed when police tried to make a traffic stop. He eventually crashed his car and was caught after a foot chase. The pursuing officers found 34 grams of crack cocaine in a plastic bag that Redden had tossed while running from them. Federal authorities charged him with possessing cocaine with intent to distribute, 21 U.S.C. §841(a)(1). He pleaded guilty and was sentenced to 151 months' imprisonment and 3 years' supervised release. Redden filed a notice of appeal, but his appointed lawyer, who also represented him in the district court, asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We grant counsel's motion and dismiss the appeal.

Counsel's *Anders* submission explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Redden has

filed a response opposing counsel's motion. *See* CIR. R. 51(b). Counsel's analysis appears to be thorough, so we limit our review to the subjects he discusses along with Redden's contentions. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that he consulted Redden about possible grounds for challenging his guilty plea but learned that Redden does not want the plea set aside. Thus counsel appropriately avoids discussing the voluntariness of the plea or the adequacy of Redden's plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Redden does want to challenge his classification as a career offender under the Sentencing Guidelines. *See* U.S.S.G. §4B1.1. The district court adopted the probation officer's assessment that Redden is a career offender because of two Illinois convictions for a controlled substance offense: delivery of a controlled substance, 720 ILCS 570/401 (2010), and possession of cannabis with intent to deliver, 720 ILCS 550/5(d) (2014). *See* U.S.S.G. §§ 4B1.1 cmt. n.1, 4B1.2(b). The court calculated a total offense level of 29 (32 less 3 levels for acceptance of responsibility) and a criminal history category of VI, yielding a Guidelines imprisonment range of 151 to 188 months. *See* 21 U.S.C. §841(b)(1)(C); U.S.S.G. §§ 4B1.1(b)(3), 3E1.1, ch. 5, pt. A. Counsel has not identified any conceivable ground for disputing the application of §4B1.1.

Redden, however, proposes two potential grounds in his Rule 51(b) response. He would argue that §4B1.1 is unconstitutionally vague, but *Beckles v. United States*, 137 S. Ct. 886, 894 (2017), holds that the Sentencing Guidelines, being advisory, "are not amenable to a vagueness challenge." Redden also would contend that his conviction for "delivery" of a controlled substance under 720 ILCS 570/401 is not a §4B1.1 predicate. That contention is frivolous for the reasons given in an opinion being released today.

Finally, appellate counsel considers but rightly declines to dispute the reasonableness of Redden's prison term. That 151-month sentence—at the bottom of the Guidelines range—is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Before imposing the term, the district court weighed the factors in 18 U.S.C. §3553(a). The court found that Redden's crime was mitigated by deplorable events in his childhood—he watched his mother suffer domestic abuse and engage in prostitution—as well as his own history of drug addiction and his desire to receive help. At the same time, the court said, Redden's efforts to evade arrest by driving recklessly, fleeing by foot, and then punching a police dog deployed during the chase were

aggravating factors. The court also took into account Redden's criminal history, which includes additional convictions for drug offenses as well as convictions for burglary and gun crimes. Counsel concludes that it would be frivolous to contend that the district court did not adequately justify the term imposed, and we agree.

Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.